1  ROBERT R. RIGGS (Bar #107684)
2  STEPHEN G. PREONAS (Bar #245334)
   KATZOFF & RIGGS LLP
3  1500 Park Ave., Suite 300
   Emeryville, CA  94608
4  Tel. No. (510) 597-1990
5  rriggs@katzoffriggs.com
   spreonas@katzoffriggs.com
6
7  Attorneys for Defendant HEART
   CONSCIOUSNESS CHURCH, INC.
8

9

10              IN THE UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  MICHAEL PAUKER,                    )  Case No. 3:25-cv-02852 CJB
                                       )
14        Plaintiff,                   )  **NOTICE OF MOTION AND MOTION OF**
                                       )  **DEFENDANT HEART CONSCIOUSNESS**
15  vs.                                )  **CHURCH, INC. TO DISMISS AND/OR**
                                       )  **STRIKE FIRST AMENDED COMPLAINT**
16                                     )  **PURSUANT TO FRCP RULE 12(b)(6)**
    HEART CONSCIOUSNESS CHURCH,        )  **AND/OR 12(f); MEMORANDUM OF**
17  INC., et al.                       )  **POINTS AND AUTHORITIES IN**
                                       )  **SUPPORT THEREOF**
18        Defendants.                  )
                                       )
19  _____   )  Date:   August 29, 2025
                                       )  Time:   10:00 a.m.
20                                        Place:  Dept. 6, 17th Floor
                                          Judge:  Hon. Charles J. Breyer
21

22

23

24

25

26

27

28

_____
                              - 1 -
**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE
FIRST AMENDED COMPLAINT**

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................. 6

STATEMENT OF RELIEF REQUESTED .................................. 6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ... 7

INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 7

SUMMARY OF THE ALLEGATIONS IN THE FAC ........................... 8

SUMMARY OF THE CAUSES OF ACTION ALLEGED IN THE FAC .................... 10

APPLICABLE LEGAL STANDARDS ........................................ 11

A.    FRCP Rule 12(b)(6) ............................................... 11

B.    FRCP Rule 12(f) .................................................. 11

C.    The *Twombly* and *Iqbal* Standards for Evaluating the Sufficiency of Complaints
....................................................................... 11

ARGUMENT ............................................................. 12

A.    The FAC Fails to Allege Sufficient Facts to Support a Claim for Discrimination Against Harbin, Where the Factual Gravamen of the FAC Is That Harbin Cancelled Plaintiff's Scheduled Performance to Avoid Political Divisiveness and Potential Violence ........................................ 12

    1.    The FAC Fails to Allege Sufficient Facts to Support His First Cause of Action  for Violation of Title II of the 1964 Civil Rights Act 42 U.S.C. § 2000a(a) ..................................................... 12

    2.    The FAC Fails to Allege Sufficient Facts to Support His Second Cause of Action for Violation of Title II of 42 U.S.C. § 1981 .......................... 13

    3.    The FAC Fails to Allege Sufficient Facts to Support Plaintiff's Third Cause of Action for Violation of Title II Of the 1866 Civil Rights Act 42 U.S.C. § 1982 ..................................................... 15

    4.    The FAC's Fourth Cause of Action for Violation of California Civil Code §§ 51 and 52 Must Be Dismissed Because the FAC Does Not Pertain to Denial of Access to a Public Accommodation ...................... 16

B.    Harbin's First Amendment Right to Refrain from Speech Bars the FAC in Its Entirety Because It Seeks to Use Civil Rights Laws to Compel Harbin to Endorse Speech In Support of the Current Israel Government Policies in Violation of the First Amendment ........................................ 17

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT

C.    The Court Should Strike the FAC's Redundant and Immaterial Prayer for Declaratory Relief Under FRCP Rule 12(f) as Well as Its Immaterial Prayer for Injunctive Relief .............................................................................. 18

     1.    The Court Should Strike the Redundant Prayer for Declaratory Relief Where the FAC Seeks Damages for the Same Alleged Violations ........ 18

     2.    The Prayer for Injunctive Relief is Immaterial When the FAC Does Not Allege Any Threat of Future Irreparable Harm ...................................... 19

CONCLUSION ......................................................................................... 20

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

1

## TABLE OF AUTHORITIES

2

**Cases**

3

*303 Creative LLC* v. *Elenis*, 600 U.S. 570 (2023) ................................................................. 7, 18

4

*Abel* v. *Bonfanti*, 625 F. Supp. 263 (S.D.N.Y. 1985) ................................................................ 16

5

*Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009) ................................................................ passim

6

*Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007) .............................................................. passim

7

*Boy Scouts of Am.* v. *Dale*, 530 U.S. 640 (2000) ..................................................................... 18

8

*City of Memphis* v. *Greene*, 451 U.S. 100 (1981) .................................................................... 15

9

*Clegg* v. *Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) .............................................. 12

10

*Cohn* v. *Corinthian Colls., Inc.*, 169 Cal.App.4th 523 (2008) ................................................. 16

11

*Curran* v. *Mount Diablo Council of the Boy Scouts*, 147 Cal. App. 3d 712 (1983) ................. 16

12

*Denny* v. *Elizabeth Arden Salons, Inc.*, 456 F.3d 427 (4th Cir. 2006) .................................... 13

13

*District of Columbia* v. *Carter*, 409 U.S. 418 (1973) ............................................................. 15

14

*Domino's Pizza, Inc.* v. *McDonald*, 546 U.S. 470 (2006) ........................................................ 13

15

*EBay Inc.* v. *MercExchange, L.L.C.*, 547 U.S. 388 (2006) ...................................................... 20

16

*Farm Credit Servs.* v. *Am. State Bank*, 339 F.3d 764 (8th Cir. 2003) .................................. 8, 11

17

*Goldie's Bookstore, Inc.* v. *Superior Ct. of Cal.*, 739 F.2d 466 (9th Cir. 1984) ...................... 20

18

*Gustilo v. Hennepin Healthcare Systems*, 2025 U.S. LEXIS 92462, *37 - *44 (D. Minn. 2025)
............................................................................................................................................... 12

19

*Harris* v. *Capital Growth Investors XIV*, 52 Cal. 3d 1142 (1991) ........................................... 16

20

*Hurley* v. *Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557 (1995) ............... 18

21

*International Envtl. Corp.* v. *National Union Fire Ins. Co.*, 843 F. Supp. 1218 (E.D. Ill. 1993)
............................................................................................................................................... 19

22

*Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183 (E.D. Cal. 2010) ........................... 19

24

*John Doe One* v. *Caremark, LLC*, 348 F.Supp.3d 724 (S.D. Ohio 2018) ................................ 19

25

*Jolley v. Chase Home Financial, LLC*, 213 Cal.App.4th 872 (2013) ........................................ 19

26

*Jones* v. *Alfred H. Mayer Co.* (1968) 392 U.S. 409 (1968) ..................................................... 15

27

*Los Angeles Mem'l Coliseum Comm'n* v. *NFL* 634 F.2d 1197 (9th Cir. 1980) ......................... 20

28

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE
FIRST AMENDED COMPLAINT**

*Los Angeles* v. *Lyons*, 461 U.S. 95 (1983) ................................................................. 20

*Lubavitch-Chabad of Ill., Inc*. v. *Northwestern Univ.*, 772 F.3d 443 (7th Cir. 2014).......... 13, 15

*Melzer v. Board of Education*, 196 F.Supp.2d 229, 250-51 (E.D.N.Y. 2002) .......................... 12

*Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241 (1974) ............................................ 18

*Motameni v. Adams*, 2022 U.S. Dist. LEXIS 152916 (D.Ore. 2022).................................. 19

*Ortiz-Montero v. Puerto Rico*, 2024 U.S. Dist. LEXIS 72215, *4 - *8 (D. Puerto Rico 2024). 12

*Patel* v. *Holley House Motels*, 483 F. Supp. 374 (S.D. Ala. 1979) ................................. 13

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) ........................... 11

*Shaare Tefila Congregation* v. *Cobb*, 481 U.S 615 (1987).......................................... 13, 15

*St. Francis College* v. *Al-Khazraji*, 481 U.S. 604 (1987).......................................... 13

*United States* v. *Washington*, 759 F.2d 1353 (9th Cir. 1985)...................................... 19

*Welsh* v. *Boy Scouts of Am.*, 993 F.2d 1267, 1270 (7th Cir. 1993) .............................. 12

*Wooley* v. *Maynard*, 430 U.S. 705 (1977)........................................................ 18

## Statutes

42 U.S.C. § 1981 ...................................................................................... 10, 13

42 U.S.C. § 1982 ...................................................................................... 10, 13, 16

42 U.S.C. § 2000a ..................................................................................... 10, 12, 13

Cal. Civ. Code § 51 .................................................................................... 16

Cal. Civ. Code § 52 .................................................................................... 16

Cal. Civ. Code §§ 51, 52 .............................................................................. 10

FRCP Rule 12(b)(6)..................................................................................... 11

FRCP Rule 12(f) ....................................................................................... 11

FRCP Rule 8 ........................................................................................... 11

## Rules

Federal Rule of Evidence 201 ........................................................................ 7

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

## NOTICE OF MOTION

TO PLAINTIFF AND HIS COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that, on August 29, 2025, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 6 on the 17th Floor of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102 defendant Heart Consciousness Church, Inc., which operates Harbin Hot Springs ("Harbin") will and hereby does move the Court for an order dismissing plaintiff Michael Pauker's First Amended Complaint for Damages [Dkt. #2] (the "FAC") pursuant to Fed. R. Civ. P. 12(b)(6) and/or striking portions of the FAC pursuant to Fed. R. Civ. P. 12(f).

The motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the pleadings, records, and papers on file in this action, oral argument of counsel, matters for which the Court may take judicial notice and any other matters properly before the Court.

## STATEMENT OF RELIEF REQUESTED

Harbin requests that the Court dismiss the FAC without leave to amend.  In the alternative, Harbin requests that the Court strike the prayer for declaratory relief in the FAC and the prayer for injunctive relief.

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## INTRODUCTION AND SUMMARY OF ARGUMENT

In his first amended complaint (the "FAC"), self-described "Zionist" and musician Michael Pauker ("Plaintiff") seeks to broadly expand the class of persons protected by federal and California civil rights laws to include those persons professing Jewish faith who support the Israeli government's ongoing political and military actions toward Gaza and Palestine. [1] The massive overreach of the FAC further asserts these laws compel defendant Heart Consciousness Church, Inc., which operates Harbin Hot Springs ("Harbin") to hire him to publicly perform for Harbin's guests at its hot springs retreat center and permit him to sell his merchandise there, in violation of Harbin's First Amendment right to refrain from endorsing either side of the Israeli-Palestinian conflict, under *303 Creative LLC* v. *Elenis*, 600 U.S. 570 (2023).

The FAC fails as a matter of law because, when stripped of its conclusory claims of religious and national origin discrimination as required by *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"), *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*"), and their progeny, the facts it alleges do not establish that Harbin intentionally discriminated against Plaintiff because of his race, national origin or religion. Rather, the actual facts alleged in the highly convoluted FAC assert that civil rights statutes preclude Harbin from canceling Plaintiff's scheduled performance (to avoid political controversy and related violence) because Harbin previously permitted performances by other singers who posted social media messages supportive of Palestinians in their conflict with Israel. To the extent this alleges discrimination, it is discrimination based on political beliefs, not race, national origin, or religion. Even assuming such discrimination occurred (which Harbin adamantly disputes), it is not actionable. Neither federal nor state law compels an entity such as Harbin, when granting or

---

[1] Under Federal Rule of Evidence 201, the Court may and should take judicial notice of a generally known fact not reasonably subject to dispute, that there are many persons of unquestioned Jewish faith who do not endorse, and who in fact strongly oppose, the Israeli government's actions in Palestine and Gaza.

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

denying permission to perform music before its guests on its grounds, to treat holders of all political views equally.

Because the subject civil rights statues do not include a right to perform a musical (or any other) act for guests of a private business, and because as the FAC concedes, the alleged canceling of Plaintiff's performance by Harbin was due to its desire to "avoid politics and divisiveness and violence" (FAC, ¶ 17) (and not based upon discriminatory intent against a protected class), the FAC fails to state a claim against Harbin and the Court must dismiss the action under FRCP 12(b)(6).

## SUMMARY OF THE ALLEGATIONS IN THE FAC

The FAC, when stripped of its "unsupported conclusions, unwarranted inferences and sweeping legal conclusions" (*see Farm Credit Servs*. v. *Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003), alleges:

Harbin owns and operates the Harbin Hot Springs retreat center for guests.  Plaintiff is a Jewish devotional rock musician. (FAC, ¶ 3 – 4.)  Plaintiff feels a "deep affinity for Israel," even though he and his family have not lived in the "land of Israel" (not defined in the FAC) for "many generations," and indeed, it is not alleged that any of his ancestors ever lived there.  (See FAC, ¶ 7.)  Plaintiff, according to his FAC, is dedicated to the cause of "Jews fighting for their place in the land of Israel" (which again, is not defined).  (FAC, ¶ 12.)

Harbin cancelled a scheduled performance by Plaintiff at Harbin on December 26, 2024 due to its desire to "avoid politics and divisiveness, including violence coming from any party" relating to Plaintiff's social media posts supporting the State of Israel's right to defend itself.  (FAC, ¶ 17.)

Harbin cancelled the performance following "threats" hinting at violence made in response to Plaintiff's politically controversial October 7, 2024 Facebook post (an image of a military tank with the words "I stand with Israel") that Plaintiff posted in response to Hamas "slaughtering 1,200 mostly Jewish individuals in Israel."  (FAC ¶ 20.)  The threats included an e-mail to Plaintiff stating that, "I

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA  94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

am watching you and will have you cancelled anywhere you go." (FAC, ⁋ 20 - 21.) These threats allegedly led Plaintiff to experience "a series of panic attacks" and to "contact multiple law enforcement agencies." (FAC, ⁋ 25.) Plaintiff alleges that his political "October 7 post [w]as a factor in Harbin's decision" to cancel Plaintiff's concert. (FAC, ⁋ 22.) The FAC concedes Harbin never denied Plaintiff access to the Harbin Hot Springs retreat center facilities enjoyed by the general public, and offered "Plaintiff the option to visit Harbin but not perform." (FAC ⁋ 23.)

The FAC highlights the political nature of Plaintiff's claims by cataloguing in depth the stated political views of other performers whom Plaintiff claims Harbin has allowed to perform. According to the FAC, such other performers "have taken positions on the Israeli Palestinian conflict" in social media postings that support Palestinians in their conflict with Israel, which include the following:

- "a photograph on Instagram of a burning Israeli flag and associated it with colonization;" a reel on Instagram "comparing Israel's defensive war against Hamas to the death of George Floyd; denying the Holocaust; associating Israel with colonization" (FAC, ⁋ 29);

- a video of a musician "participating in a disruptive anti-Israel protest while holding a sign accusing Israel of genocide and a photograph of her celebrating graffiti accusing Israel of being a terrorist state" (*id.*);

- musician Shylah Ray taking, "more ***mundane public political positions on Gaza***" by posting "a photograph of graffiti in Gaza thanking [a musician] for her support and other graffiti supportive of Gaza" (FAC, ⁋ 30 (emphasis added));

- a post stating "all I want for Christmas is a free Palestine" (*id.*);

- a musician "produced and provided instrumentals to a Sophie Cooper song entitled "Forever Ceasefire," the description of which falsely accuses Israel of targeting civilians in Gaza and subjugating the Palestinian people." (FAC, ⁋ 31); and

- that musician Scott Elliot Ferreter "has taken ***public political positions*** on the War in

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

Gaza", and "called on Israel to terminate its military efforts to root out Hamas and accept a ceasefire" and "***posted political commentary critical of President Trump's*** proposal that the United States take over Gaza." (FAC, ¶ 33 (emphasis added).)

When stripped of its conclusory assertion of religion and national origin discrimination, as required by *Twombly* and *Iqbal*, Plaintiff's FAC is a claim that he has been discriminated against based on his political views regarding Israel's current policy toward Gaza and Palestine. Whatever the factual merits of this claim (which Harbin strongly disputes), it is not actionable.

## SUMMARY OF THE CAUSES OF ACTION ALLEGED IN THE FAC

The FAC asserts the following four counts for alleged violation of federal and California state civil rights statutes:

- Violation of 42 U.S.C. § 2000a: Alleging Harbin, a place of public accommodation, denied Plaintiff equal enjoyment of its services due to his Jewish race, religion, and national origin.

- Violation of 42 U.S.C. § 1981: Alleging Harbin racially discriminated against Plaintiff by denying him the same contractual rights as white citizens.

- Violation of 42 U.S.C. § 1982: Alleging Harbin prevented Plaintiff from selling his merchandise at Harbin, denying him the same rights to sell personal property as white citizens.

- Violation of Cal. Civ. Code §§ 51, 52: Alleging Harbin denied Plaintiff equal accommodations and services due to his Jewish race, religion, and national origin.

The FAC, in its Prayer for Relief then requests monetary damages, injunctive relief requiring Harbin to permit Plaintiff to perform for guests at their property, "and declaratory relief that it was unlawful" to allegedly cancel Plaintiff's concert. (FAC, prayer ¶ C.)

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

## APPLICABLE LEGAL STANDARDS

### A.    FRCP Rule 12(b)(6)

Under FRCP 12(b)(6) the Court may dismiss a complaint as a matter of law for two reasons: (1) lack of a cognizable legal theory, and/or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984).

### B.    FRCP Rule 12(f)

FRCP Rule 12(f) empowers the Court to "order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter."

### C.    The *Twombly* and *Iqbal* Standards for Evaluating the Sufficiency of Complaints

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' [under Rule 8] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79. Pleadings that contain "no more than conclusions … are not entitled to the assumption of truth" otherwise applicable to complaints on a motion to dismiss. (*Id.* at 679.) The Court is thus "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs*. v. *Am. State Bank*, 339 F.3d at 767.

Thus, federal courts must use a two-pronged approach to analyze the sufficiency of a complaint: (1) the Court should first identify and disregard conclusory allegations which are not entitled to the assumption of truth; and (2) it should then determine whether the remaining allegations, if taken as true, present a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

# ARGUMENT

**A.    The FAC Fails to Allege Sufficient Facts to Support a Claim for Discrimination Against Harbin, Where the Factual Gravamen of the FAC Is That Harbin Cancelled Plaintiff's Scheduled Performance to Avoid Political Divisiveness and Potential Violence**

**1.    The FAC Fails to Allege Sufficient Facts to Support His First Cause of Action for Violation of Title II of the 1964 Civil Rights Act 42 U.S.C. § 2000a(a)**

Title II prohibits discrimination in public accommodations on the basis of race, color, religion, or national origin.  42 U.S.C. § 2000a(a). To state a claim, Plaintiff must allege: (1) he is a member of a protected class; (2) he was denied full and equal enjoyment of the goods, services, or accommodations; and (3) the denial was due to discriminatory intent.  *Clegg* v. *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Title II applies to access to public accommodations, not contractual performance agreements.  *Welsh* v. *Boy Scouts of Am.*, 993 F.2d 1267, 1270 (7th Cir. 1993).

As discussed above, this claim fails at the threshold because the FAC, when stripped of conclusory allegations, complains that Plaintiff experienced discrimination because of his political beliefs.  This is not a prohibited basis of decisions by a church or other nonprofit organization, under 42 U.S.C. § 2000a, because holders of political beliefs are not a protected class.  Decisions about performances or contracts that are based solely on the person's political beliefs are not prohibited by the federal civil rights statutes cited in the FAC.  *See Gustilo v. Hennepin Healthcare Systems*, 2025 U.S. LEXIS 92462, *37 - *44 (D. Minn. 2025); *Ortiz-Montero v. Puerto Rico*, 2024 U.S. Dist. LEXIS 72215, *4 - *8 (D. Puerto Rico 2024); see also, *Melzer v. Board of Education*, 196 F.Supp.2d 229, 250-51 (E.D.N.Y. 2002) (teacher not protected from firing based on his advocacy activity in an organization dedicated to promoting man-boy sexual relationships).

Moreover, the FAC fails to allege that Harbin denied Plaintiff full and equal enjoyment of "goods, services or accommodations."  Rather, the FAC alleges that Harbin did not permit Plaintiff

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

to perform in front of guests of Harbin.   The FAC does not allege Harbin denied Plaintiff access to its facilities as a member of the public, but to the contrary, confirms that Harbin did offer Plaintiff guest access.  (FAC ¶ 23.)  Cancellation of a desired performance in front of Harbin's guests does not constitute denial of access to a public accommodation where the FAC does not allege Harbin barred Plaintiff from its facilities generally.  *Denny* v. *Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 434 (4th Cir. 2006) (a salon [and by implication a hot springs retreat center such as that operated by Harbin] is not a "place of entertainment" under Title II).

The Court must therefore dismiss the FAC's Count I under 42 U.S.C. § 2000a.

**2.    The FAC Fails to Allege Sufficient Facts to Support His Second Cause of Action for Violation of Title II of 42 U.S.C. § 1981**

42 U.S.C. § 1981 guarantees equal rights to make and enforce contracts regardless of race. To state a § 1981 claim, Plaintiff must allege: (1) he is a member of a protected racial group; (2) he sought to make or enforce a contract; (3) Defendant impaired that contract; and (4) the impairment was due to intentional discrimination based on Plaintiff's race.  *E.g., Domino's Pizza, Inc.* v. *McDonald*, 546 U.S. 470, 476 (2006).

This claim fails because § 1981 applies only to racial discrimination.  *Lubavitch-Chabad of Ill., Inc.* v. *Northwestern Univ.*, 772 F.3d 443, 446 (7th Cir. 2014); *see also Shaare Tefila Congregation* v. *Cobb*, 481 U.S 615, 617 (1987).  Discrimination based solely upon the country of an individual's ancestry or upon cultural and linguistic characteristics common to an ethnic or national group will not support a cause of action under either § 1981 or its companion statute, 42 U.S.C. § 1982.  *Patel* v. *Holley House Motels*, 483 F. Supp. 374, 382 (S.D. Ala. 1979).  Likewise, classifications derived from national origin and religion are not protected under these sections.  *St. Francis College* v. *Al-Khazraji*, 481 U.S. 604, 610-11 (1987).

Here, the FAC fails to allege facts showing that the cancellation was motivated by discriminatory intent against Plaintiff's ancestry or ethnic characteristics. Rather, the specific factual allegations in

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

the FAC contradict the conclusory, threadbare recital of the elements of this cause of action that the cancellation was "because of actual or perceived Jewish race." (FAC, ⁋ 45.) The actual factual allegations (which prevail over this conclusory allegation under *Iqbal / Twombly*) are that Harbin allowed other performers, who expressed ***political*** opposition to the Israeli Government's policies and actions in its conflict with Palestinians, to perform at Harbin. (FAC, ⁋ 28 – 33.)

Under the *Iqbal / Twombly* approach the Court must likewise reject Plaintiff's threadbare conclusion that Harbin discriminated against Plaintiff because one of the seven musicians who performed at Harbin and who offered public sympathy for Palestinians, was also white. (FAC ⁋ 44 (concluding that Plaintiff "because of his Jewish race, was unlawfully denied the same right to contract as white citizens, including but not limited to Scott Elliott Ferreter").)

This asserted conclusion is contrary to the specific allegations of fact in the FAC that prevail over this unsupported allegation. In particular, the detailed factual allegations of the FAC state that Harbin "hosted" Ferreter at Harbin even though he had "taken ***public political positions*** on the War in Gaza", "posted a song on Instagram in which he called on Israel to terminate its military efforts to root out Hamas and accept a ceasefire," "falsely accused Israel of genocide in the post's written caption," and "***posted political commentary*** critical of Presidential Trump's proposal that the United States take over Gaza." (FAC, ⁋ 33, emphasis added.)

As such, when viewed as required under the *Iqbal / Twombly* framework, the FAC alleges Harbin discriminated against Plaintiff based upon his public political support of Israel, and not his race (or his national origin or religion, for that matter).

The FAC's factual allegations, in sum, fail to state a claim that Harbin intentionally discriminated against Plaintiff because of his race. The FAC's conclusory allegations of intentional racial discrimination are insufficient. (*Iqbal*, 556 U.S. at 678.) As such, the Court must dismiss the FAC's Count II under 42 U.S.C. § 1981.

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

### 3.    The FAC Fails to Allege Sufficient Facts to Support Plaintiff's Third Cause of Action for Violation of Title II Of the 1866 Civil Rights Act 42 U.S.C. § 1982

As with § 1981, § 1982 applies only to racial discrimination.  *Shaare Tefila Congregation* v. *Cobb*, 481 U.S. at 617-18. The only substantial difference between sections 1981 and 1982 is that one deals with contracts and the other with property.  *Lubavitch-Chabad of Ill., Inc*. v. *Northwestern Univ*., 772 F.3d at 447.

Section 1982 protects equal rights to acquire, hold, and dispose of property stating that "all citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." A section 1982 claim requires allegations that: (1) Plaintiff is a member of a protected class; (2) defendant interfered with Plaintiff's property rights; and (3) the interference was due to discriminatory intent.  *City of Memphis* v. *Greene*, 451 U.S. 100, 120-22 (1981).  Section 1982 was enacted as a means to enforce Thirteenth Amendment's proclamation that neither slavery nor involuntary servitude shall exist within United States or any place subject to their jurisdiction.  *District of Columbia* v. *Carter*, 409 U.S. 418, 421 (1973).

Here, as with the § 1981 claim, the facts set forth in the FAC raise a claim of alleged discrimination based upon political doctrine, not race.

Under *Iqbal* / *Twombly*, the Court must reject the conclusory, boilerplate allegation in the FAC that Plaintiff, "because of his Jewish race, was unlawfully denied the same right to sell his merchandise as white citizens" and focus on the particular factual allegations that do not support a claim for intentional discrimination based upon race.   (FAC, ¶ 50.)

As a further ground to dismiss this claim, the cancellation of a performance does not implicate any right to inherit, purchase, lease, sell, hold, or convey real and personal property that is the subject of § 1982.  Claims under this section typically involve real or personal property transactions.  *Jones* v. *Alfred H. Mayer Co*. (1968) 392 U.S. 409, 413 (1968).  Plaintiff's claim is much different.  It more

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

---

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

closely relates to an employment or contract claim, that will not support a claim under this section. *See Jurado* v. *Eleven-Fifty Corp.*, 630 F.Supp. 569, 572  (C.D. Cal. 1985) (claim of disc jockey that he was terminated by radio station his for refusal to stop broadcasting in Spanish, and that sounded in employment discrimination or breach of contract, did not support claim under § 1982).  It is well settled that § 1982 does not apply to employment claims.  *Abel* v. *Bonfanti*, 625 F. Supp. 263, 269 (S.D.N.Y. 1985).  Section 1982 does not require a private business to permit a musician to perform for its guests, nor does it require a private business to permit him to sell his own merchandise on its property.

As the FAC fails to allege that Harbin intentionally discriminated against Plaintiff because of his race, and that Harbin deprived Plaintiff of a property interest protected by the statute, the Court must dismiss Count III of the FAC.

> **4.    The FAC's Fourth Cause of Action for Violation of California Civil Code §§ 51 and 52 Must Be Dismissed Because the FAC Does Not Pertain to Denial of Access to a Public Accommodation**

Cal. Civ. Code §§ 51 & 52 prohibit discrimination in business establishments based on protected characteristics. To state a claim, plaintiff must allege intentional discrimination by the defendant. *Cohn* v. *Corinthian Colls., Inc.*, 169 Cal.App.4th 523, 528 (2008). Section 51 provides that all persons within California are entitled to "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments" without discrimination based on protected characteristics, including religion and race.  These sections ensure equal access to the services, accommodations, and privileges offered by a business establishment to the public.  *Curran* v. *Mount Diablo Council of the Boy Scouts*, 147 Cal. App. 3d 712, 733 (1983).  To establish a case under §§ 51 and 52, Plaintiff must plead and prove intentional discrimination in a public accommodation.  *Harris* v. *Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1174 (1991).

As with Plaintiff's first cause of action under 42 U.S.C. § 2000a, Count IV fails because the

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA  94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

FAC does not allege that Harbin denied Plaintiff equal access to the Harbin Hot Springs retreat center that Harbin offers to the public.  The FAC confirms that Harbin offered Plaintiff guest access.  (FAC ⁋ 23.)  Because §§ 51 and 52 do not create a protected right to perform at a business establishment, and the FAC does not allege that Harbin permits the general public to perform at Harbin, the FAC fails to state a claim.

Furthermore, the FAC fails to satisfy the requirements of *Iqbal / Twombly* by pleading facts, as opposed to bare conclusions, that the cancellation was motivated by intentional religious or racial discrimination.  Rather, the FAC merely concludes (reciting nearly verbatim the boilerplate language of Counts I, II, and III) that due to "Plaintiff's Jewish race, religion, and national origin, Harbin denied Plaintiff the right to equal accommodation, advantages, facilities, privileges, and services by canceling his concert." (FAC, ⁋ 55.)

As set forth above, once the Court strips this conclusory, boilerplate allegation from the FAC (as it must under *Iqbal / Twombly*) the FAC alleges that Harbin cancelled Plaintiff's performance to avoid potential political divisiveness and violence arising from a polarizing exchange of social media posts regarding the right of Israel to defend itself that caused Plaintiff to fear for his safety.

Because such allegations fail to state that Harbin intentionally discriminated against Plaintiff due to his race or religion by denying him the services, accommodations, and privileges offered to the public, the FAC fails to state a claim under §§ 51 and 52.

**B.     Harbin's First Amendment Right to Refrain from Speech Bars the FAC in Its Entirety Because It Seeks to Use Civil Rights Laws to Compel Harbin to Endorse Speech In Support of the Current Israel Government Policies in Violation of the First Amendment**

Stripped of their conclusory allegations, every Count of the FAC alleges that Harbin cancelled Plaintiff's performance to avoid taking sides in a deeply polarizing political debate.  Forcing Harbin to endorse either side of this debate under threat of enforcement of civil right statutes violates Harbin's First Amendment right to refrain from doing so.

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

The First Amendment protects not only the right to speak but also the right to refrain from speaking or facilitating the speech of others. *Wooley* v. *Maynard*, 430 U.S. 705, 714 (1977) ("the First Amendment includes the right to refrain from speaking at all.")  The First Amendment prevents the law from compelling Harbin to facilitate Plaintiff's expressive conduct, which patrons and the public would reasonably associate with Harbin's own speech. *Hurley* v. *Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557, 573 (1995) (an anti-discrimination law cannot compel parade organizers to include a group whose message they did not endorse).  Anti-discrimination laws cannot override First Amendment protections to compel speech. *Boy Scouts of Am*. v. *Dale*, 530 U.S. 640, 653-54 (2000).  As stated more recently, in *303 Creative LLC* v. *Elenis*, 600 U.S. 570, 589-92 (2023), "no public accommodations law is immune from the demands of the Constitution."

Forcing Harbin to host Plaintiff's performance would compel Harbin to engage in expressive conduct by providing a platform for Plaintiff's politically controversial performance, violating Harbin's constitutional rights. Thus, in canceling Plaintiff's performance, Harbin validly exercised its First Amendment right to avoid association with Plaintiff's political expression and taking any sides in the political controversy.  Requiring Harbin to host Plaintiff's performance would compel it to facilitate and endorse Plaintiff's views on the Israel-Palestine conflict in violation of Harbin's First Amendment right to make content-based decisions about the expressive conduct it facilitates.  *See Miami Herald Publ'g Co*. *v. Tornillo*, 418 U.S. 241, 258 (1974) (Supreme Court struck down a law requiring newspapers to publish responses to editorials, holding that compelling a private entity to host another's speech violates the First Amendment.)

**C.**    **The Court Should Strike the FAC's Redundant and Immaterial Prayer for Declaratory Relief Under FRCP Rule 12(f) as Well as Its Immaterial Prayer for Injunctive Relief**

**1.**    **The Court Should Strike the Redundant Prayer for Declaratory Relief Where the FAC Seeks Damages for the Same Alleged Violations**

Declaratory relief is unnecessary and redundant where an adequate remedy exists under some

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

other cause of action and the declaratory relief is duplicative of other claims. *Motameni v. Adams*, 2022 U.S. Dist. LEXIS 152916, *9 - *11 (D.Ore. 2022); *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1189 (E.D. Cal. 2010). Declaratory relief is intended to resolve uncertainty or controversy regarding the legal rights and obligations of the parties. *International Envtl. Corp*. v. *National Union Fire Ins. Co.*, 843 F. Supp. 1218; 1224 (E.D. Ill. 1993). Declaratory relief is not appropriate unless it serves an independent purpose beyond the resolution of claims for damages. *United States* v. *Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985) (holding that "declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties.")

Here, Plaintiff seeks a declaration that "it was unlawful for Harbin to cancel Plaintiff's concert." (FAC, p.16, ¶ C.) However, the FAC already alleges Harbin's doing so unlawfully violated federal and state civil rights statutes and seeks damages for the alleged violations. The FAC seeks to redress past wrongs, not to set any controversy to rest before there is any repudiation of purported obligations. *Compare, Jolley v. Chase Home Financial, LLC*, 213 Cal.App.4th 872, 909 (2013). The request for declaratory relief does not serve to prevent future harm or clarify ongoing obligations, as the alleged violations are not ongoing. *See John Doe One* v. *Caremark, LLC*, 348 F.Supp.3d 724, 738 (S.D. Ohio 2018).

As Plaintiff's claims are fully addressed by the request for damages, and the FAC does not allege ongoing and unsettled legal relations, the Court should strike the redundant and improper prayer for declaratory relief.

### 2. The Prayer for Injunctive Relief is Immaterial When the FAC Does Not Allege Any Threat of Future Irreparable Harm

The Court should also strike the prayer for injunctive relief compelling Harbin to hire Plaintiff to perform for Harbin customers. This is because the FAC "lacks sufficient allegations to establish

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

that Plaintiff has standing to seek equitable relief." Plaintiff has not identified any "sufficiently real and immediate" threat that he will be subject to the same harm again. *Los Angeles* v. *Lyons*, 461 U.S. 95, 103 (1983). A motion to strike is appropriate where a prayer for relief seeks a remedy that is not available as a matter of law based on the allegations in the pleading. (*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). To obtain a permanent injunction, a plaintiff must demonstrate irreparable harm absent the injunction. *EBay Inc.* v. *MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A complaint that fails to allege irreparable harm cannot support a prayer for injunctive relief. *Los Angeles Mem'l Coliseum Comm'n* v. *NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980); *see also Goldie's Bookstore, Inc.* v. *Superior Ct. of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984). Irreparable harm must be explicitly alleged and supported by specific facts, not merely inferred. *Caribbean Marine Servs. Co.* v. *Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

Because Plaintiff has not alleged irreparable harm, the Court should strike the prayer for injunctive relief is under Rule 12(f).

## CONCLUSION

In light of the undisputed facts and legal authority cited herein, Harbin respectfully requests that this Court dismiss Plaintiff's FAC in its entirety and, in the alternative, strike the prayer for declaratory and injunctive relief.


Dated:  June 24, 2025

                          KATZOFF & RIGGS LLP

                          /s/ *Stephen G. Preonas*
                          _____
                          Stephen G. Preonas

                          Attorneys for Defendant
                          HEART CONCIOUSNESS CHURCH, INC.

**MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**CERTIFICATION REGARDING CM/ECF SERVICE**

Case Name:  Pauker v. Heart Consciousness Church, Inc., et al.,

Case No.:  3:25-cv-02852 CJB

The undersigned certifies and declares:

I am an attorney with the firm of Katzoff & Riggs LLP.  My business address is 1500 Park Ave., Suite 300, Emeryville, CA 94608.  I am over the age of 18 years and I am not a party to this action.

I make this certification with respect to the foregoing MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT

I certify that all parties whose service is required with respect to the foregoing are represented by attorneys who are registered CM/ECF users and that service on said parties will be accomplished through the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on June 24, 2025.

/s/ *Stephen G. Preonas*
_____
Stephen G. Preonas

MOTION OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. TO DISMISS AND/OR STRIKE
FIRST AMENDED COMPLAINT