ROBERT R. RIGGS (Bar #107684)
STEPHEN G. PREONAS (Bar #245334)
KATZOFF & RIGGS LLP
1500 Park Ave., Suite 300
Emeryville, CA  94608
Tel. No. (510) 597-1990
rriggs@katzoffriggs.com
spreonas@katzoffriggs.com

Attorneys for Defendant HEART
CONSCIOUSNESS CHURCH, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PAUKER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HEART CONSCIOUSNESS CHURCH, INC., et al.<br><br>　　　　　Defendants. | Case No. 3:25-cv-02852 CJB<br><br>**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) AND/OR 12(f)**<br><br>Date:  August 29, 2025<br>Time:  10:00 a.m.<br>Place: Dept. 6, 17th Floor<br>Judge: Hon. Charles J. Breyer |

- 1 -

**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 4

ARGUMENT........................................................................................................................... 5

A. The Court Should Dismiss the FAC as Plaintiff's Theories of Liability Fail as a Matter of Law Based Upon the Facts Alleged in the FAC.................................. 5

    1. The Court Must Disregard Conclusory Allegations and Address Harbin's Motion Based on the Gist of Plaintiff's FAC.......................................... 5

    2. The Law Does Not Prohibit Harbin From Deciding to Cancel Plaintiff's Scheduled Concert Based on Plaintiff's Political and Social Views........ 6

    3. Harbin Did Not Knowingly Favor the Holders of Competing Political and Social Views Over Plaintiff's Political and Social Views; Rather, According to the FAC, Harbin's Decision to Cancel Plaintiff's Performance Was Based on an Opposition to Political Divisiveness and Violence................................................................................................... 8

B. There is No Right to Perform at Harbin Under 42 U.S.C. Section 2000a(a) ....... 9

C. The FAC Fails to Allege a Violation of 42 U.S.C. § 1981.................................. 9

D. The FAC Fails to Allege a Violation of 42 U.S.C. § 1982................................ 10

E. The FAC's Fourth Cause of Action for Violation of California Civil Code §§ 51 Fails as a Matter of Law ..................................................................................... 10

F. The First Amendment Bars All of Plaintiff's Claims........................................ 11

G. The Court Should Strike the FAC's Redundant and Immaterial Prayers for Declaratory and Injunctive Relief...................................................................... 12

    1. The FAC's Prayer for Declaratory Relief Is Unnecessary and Redundant ................................................................................................................. 12

    2. The FAC Does Not Allege A Threat of Future Harm Sufficient to Support a Claim for Injunctive Relief .................................................... 13

CONCLUSION ..................................................................................................................... 13

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009) ................................................................... 4

*Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544 (2007) ............................................................. 4, 6

*Bray* v. *Alexandria Women's Health Clinic*, 506 U.S. 263, 270 (1993) ............................... 7

*Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1073 (10th Cir. 2002) ........ 10

*Gustilo v. Hennepin Healthcare Systems*, 2025 U.S. LEXIS 92462, *37 - *44 (D. Minn. 2025) 6

*Hecox* v. *Little* (9th Cir. 2024) 99 F.4th 1127 ...................................................................... 7

*Hecox v. Little*, 79 F.4th 1009, 1024 (9th Cir. 2023) ............................................................ 6

*Heyward* v. *24 Hour Fitness*, 2016 U.S. Dist. LEXIS 19306 (N.D. Cal. 2016) ..................... 7

*Hurley* v. *Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557 (1995) ........... 11

*John Doe One* v. *Caremark, LLC*, 348 F.Supp.3d 724 (S.D. Ohio 2018) .......................... 13

*Jolley v. Chase Home Financial, LLC*, 213 Cal.App.4th 872 (2013) .................................. 13

*Lindsey* v. *SLT*, 447 F.3d 1138, 1144-45 (9th Cir. 2006) ..................................................... 7

*Louis D. Brandeis Ctr., Inc. v. Regents of University of California*, 2025 U.S. Dist. LEXIS 62680 ........................................................................................................................................... 6

*Melzer v. Board of Education*, 196 F.Supp.2d 229, 250-51 (E.D.N.Y. 2002) ....................... 6

*Ofuasia* v. *Spirit Halloween Superstores*, 2022 U.S. App. LEXIS 29943 (9th Cir. 2022) ...... 7

*Ortiz-Montero v. Puerto Rico*, 2024 U.S. Dist. LEXIS 72215, *4 - *8 (D. Puerto Rico 2024) ... 6

*PGA Tour, Inc.* v. *Martin*, 532 U.S. 661, 673, (2001) ......................................................... 9

*Phiffer* v. *Proud Parrot Motor Hotel*, 648 F.2d 548, 551 (9th Cir. 1980) ............................. 7

*Shaare Tefila Congregation* v. *Cobb*, 481 U.S. 615 (1987) ........................................... 8, 10

*Welsh* v. *Boy Scouts of Am.*, 993 F.2d 1267, 1270 (7th Cir. 1993) ...................................... 9

*Wooley* v. *Maynard*, 430 U.S. 705 (1977) ......................................................................... 11

**Statutes**

Cal. Civ. Code § 51 ........................................................................................................... 10

Cal. Civ. Code § 52 ........................................................................................................... 10

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

# INTRODUCTION

The opposition ("the Opposition") of plaintiff Michael Pauker ("Plaintiff") does not meaningfully dispute that the gravamen of his first amended complaint (the "FAC") is that defendant Heart Consciousness Church, Inc. ("Harbin") treated him differently than musicians who expressed differing political or social views regarding the political and military conflict between Israel and Palestine. The Opposition fails to discuss at all, let along distinguish, the authority cited in support of this motion holding those who hold political or social views, such as Plaintiff, are not a protected class under the statutes upon which he brings his FAC.

More generally, the Court should reject the absurd premise of the FAC and the Opposition that Harbin intentionally discriminated against Plaintiff by, first accepting his proposal that he perform a Hanukkah Concert (an expressly Jewish "religious and cultural event") and then cancelling the event approximately one week later (on December 20), also because he was Jewish. (FAC, ¶ 13 – 19.)

Plaintiff does not present a cognizable claim of religious or racial discrimination. He continues to fail to identify any identifiable "religion" that is involved. As Plaintiff concedes, there are many Jewish persons who do not subscribe to Plaintiff's militant "Zionism." Thus, a decision pertaining to militant Zionism is not one based on Jewish religion or race. Stripped of its conclusionary claims of religious and racial discrimination as required by *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) ("*Twomby*") and *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009) ("*Iqbal*") the FAC does not support a claim for intentional racial or religious discrimination based upon the facts alleged, and cannot reasonably be amended to do so.

The Court should grant the motion.

**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

# ARGUMENT

**A. The Court Should Dismiss the FAC as Plaintiff's Theories of Liability Fail as a Matter of Law Based Upon the Facts Alleged in the FAC**

**1. The Court Must Disregard Conclusory Allegations and Address Harbin's Motion Based on the Gist of Plaintiff's FAC**

The Opposition fails to meaningfully address the requirement that the Court strip the FAC of its conclusory allegations and focus on the gist of the facts alleged, under *Twombly* and *Iqbal*.

When this is done, it is plain that the FAC alleges as follows. Plaintiff is a self-proclaimed "Zionist." (FAC, ¶¶ 9-12; Opp. 1:18 – 19.) After initially agreeing to Plaintiff's proposal to perform a Hanukkah concert, which is unquestionably a "religious and cultural" event associated with the Jewish faith (FAC, ¶ 19), Harbin learned of a violent image posted by Plaintiff on social media in support of the right of Israel to defend itself in the military conflict with Palestine. Harbin then allegedly cancelled the event due to "negative feedback" and "Harbin's desire to avoid politics and divisiveness, including violence coming from any party." (FAC, ¶ 17.)

Absent the conclusory allegations of intentional racial and religious discrimination in the FAC, the premise of the FAC fails as a matter of law. The only fair construction of the FAC is that Harbin was glad to have Plaintiff perform as a Jewish performer at a Hanukkah concert, and only cancelled his performance after learning that his controversial, public, political post on his social media account had created a potential for political divisiveness and violence, that Harbin decided to avoid.

At most, the FAC alleges that Harbin treated Plaintiff differently from other performers because of his militant "Zionist" views. However, as Plaintiff concedes, "Zionist" views are not shared by many Jewish persons. Regardless of Plaintiff's alleged subjective feelings, "Zionism" is a political commitment, not a religion. Indeed, the common definition of "Zionism" is a "political movement for the establishment and support of a national homeland for Jews in Palestine, now concerned chiefly

- 5 -

**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

with the development of the modern state of Israel."[1]

### 2. The Law Does Not Prohibit Harbin From Deciding to Cancel Plaintiff's Scheduled Concert Based on Plaintiff's Political and Social Views

As a matter of law, the FAC does not, and cannot, state a claim for intentional religious, racial or national origin discrimination for cancelling a concert because of his "Zionist" views.

Plaintiff's Opposition fails to mention or discuss the key authorities cited in Harbin's Motion to the effect that the holders of political or social views are not a protected class under the statutes pursuant to which Plaintiff brings his complaint, including: *Gustilo v. Hennepin Healthcare Systems*, 2025 U.S. LEXIS 92462, *37 - *44 (D. Minn. 2025); *Ortiz-Montero v. Puerto Rico*, 2024 U.S. Dist. LEXIS 72215, *4 - *8 (D. Puerto Rico 2024), and *Melzer v. Board of Education*, 196 F.Supp.2d 229, 250-51 (E.D.N.Y. 2002).

The Opposition does cite *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), but it does not come to grips with the basic holding of those cases, which is that the Court, in connection with a motion to dismiss, must disregard conclusory allegations and base its ruling on the gist of Plaintiff's FAC.

The authority which the Opposition does cite is misleading and inapposite.

*Louis D. Brandeis Ctr., Inc. v. Regents of University of California*, 2025 U.S. Dist. LEXIS 62680 (N.D. Cal. 2025), cited in the Opposition, is a brief order that does not contain any meaningful analysis. In that case, the plaintiff alleged a "campus culture" hostile to Jews at U.C. Berkeley. The discussion, while cursory, suggests that a mere disagreement with "Zionism" would not be actionable. The Court refused to conclude that "Zionism" is a central tenet of Judaism. 2025 U.S. Dist. LEXIS 62680, at *5 - *6.

*Hecox v. Little*, 79 F.4th 1009, 1024 (9th Cir. 2023), cited in the Opposition, was withdrawn by

---

[1] See: https://www.collinsdictionary.com/dictionary/english/zionism

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

the Ninth Circuit in *Hecox* v. *Little* (9th Cir. 2024) 99 F.4th 1127.  Furthermore, this case is completely inapposite.  It dealt with an Idaho state ban on transgender athletes.  The "tax on yarmulkes" for which the case is cited in the Opposition was not involved.  That comment was an off-hand piece of dictum from the Supreme Court's decision in *Bray* v. *Alexandria Women's Health Clinic*, 506 U.S. 263, 270 (1993).  This remark was used to illustrate the Court's discussion, in that case, about making something an "irrational object of disfavor" being actionable because it is a pretext for intentional discrimination.

Here, nothing "irrational" such as a tax on yarmulkes is involved in this case.  Rather, the FAC itself alleges that Harbin cancelled Plaintiff's performance due to its "desire to avoid politics and divisiveness, including violence coming from any party." (FAC, ¶ 17.)

Likewise unhelpful to Plaintiff is his citation to the unpublished memorandum opinion in *Ofuasia* v. *Spirit Halloween Superstores*, 2022 U.S. App. LEXIS 29943 (9th Cir. 2022).  The actual authorities cited in this unpublished disposition were *Lindsey* v. *SLT*, 447 F.3d 1138, 1144-45 (9th Cir. 2006) and *Phiffer* v. *Proud Parrot Motor Hotel*, 648 F.2d 548, 551 (9th Cir. 1980).  These cases analyzed the intent to discriminate against African Americans.  In both cases, there was no doubt that the plaintiffs were African American, and that intentional race discrimination was alleged by them.  The issue in each case was whether or not a facially neutral reason given for a decision was a pretext for intentional discrimination against African American people.  Neither of these cases provides any basis for the Court to conclude that, consistent with *Twombly* and *Iqbal*, the FAC can be read as presenting a race discrimination claim.

The citation in the Opposition to *Heyward* v. *24 Hour Fitness*, 2016 U.S. Dist. LEXIS 19306 (N.D. Cal. 2016) is likewise misleading and inapposite for similar reasons.  This case also involved an African American plaintiff who alleged intentional race discrimination.  Under *Twombly* and *Iqbal*, Plaintiff's complaint cannot be fairly read as alleging race discrimination.

**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

The citation to *Shaare Tefila Congregation* v. *Cobb*, 481 U.S. 615, 616 (1987) is misleading and inapposite in attempting to equate an attack on a synagogue (the spray painting of the outside walls of a Jewish synagogue with red and black paint and large anti-Semitic slogans, phrases, and symbols) with the difficult decision Harbin made to (after first scheduling Plaintiff to perform an event tied to the Jewish faith) cancel his performance, allegedly due to the political controversy arising from his public political support of Israel's right to defend itself and the public reaction thereto.

The Opposition confirms that the gravamen of the FAC, when stripped of conclusory allegations as required under *Twombly* and *Iqbal*, is that Harbin discriminated against Plaintiff because he is a self-proclaimed "Zionist." The Opposition concedes that many Jews are not "Zionists." (Opp. 4:5 – 4:8.) Thus, even if Harbin has favored holders of other political and social viewpoints over "Zionists" as the FAC alleges and the Opposition reiterates, this is not discrimination against Jews. Because the FAC fails to identify any specific religious denomination, or national origin, on the basis of which he claims to have been subjected to a discriminatory decision, the FAC fails as a matter of law.

**3.  Harbin Did Not Knowingly Favor the Holders of Competing Political and Social Views Over Plaintiff's Political and Social Views; Rather, According to the FAC, Harbin's Decision to Cancel Plaintiff's Performance Was Based on an Opposition to Political Divisiveness and Violence**

The Court should reject the request in the Opposition that the Court adopt a secondary, unpled theory of liability based upon purported circumstantial evidence of Harbin permitting alleged non-Jewish performers to take positions on the Israeli Palestine conflict where the FAC does not allege Harbin was aware of these positions, or that these other performers were not Jewish. The Opposition improperly asks the Court to presume that these "comparators" are not Jewish and that Harbin was aware of their political support for Palestine prior to allowing them to perform.

Under the *Twombly* and *Iqbal* framework the Court should disregard these presumptions and consider only the specific facts alleged in the FAC and not the argument in the Opposition or the internet statistics about Jewish religious tenets cited therein. As the FAC, fairly construed, alleges

only that Harbin treated Plaintiff differently based upon his political support of Israel in its conflict against Palestine, the FAC fails to allege any actionable racial or religious discrimination.

### B. There is No Right to Perform at Harbin Under 42 U.S.C. Section 2000a(a)

The Opposition does not meaningfully contest that Plaintiff's rights under Title II of the Civil Rights Act do not include any right to publicly perform at Harbin. The Opposition fails to address the holding of *Welsh* v. *Boy Scouts of Am.*, 993 F.2d 1267, 1270 (7th Cir. 1993) that Title II applies to access to public accommodations, not contractual performance agreements.

The Court should reject the misleading and inapposite citation in the Opposition to the Americans With Disabilities Act case of *PGA Tour, Inc*. v. *Martin*, 532 U.S. 661, 673 (2001). *Martin* addressed whether the PGA tour was required to permit a disabled golfer to use a golf cart (which was forbidden by PGA tour rules which required golfers to walk the course as walking was inherent to the competition.) (*Id.* at 665.) No issue comparable to *PGA Tour, Inc. v. Martin* is presented under Plaintiff's FAC.

*Martin* does not apply where Plaintiff is not disabled, and has not requested a reasonable accommodation of any disability. As discussed above, Plaintiff's "Zionism" does not place him in a protected class. The narrow dicta in *Martin* cited in the Opposition that the ADA is analogous to three Title II decisions requiring a public golf course or private association making use of public golf courses to permit "black golfers to play on its course" does not in any way support the sweeping conclusion that Title II requires Harbin to allow Plaintiff to perform for its guests. (*Id.* at 681.) There is no dispute that Harbin offered to allow Plaintiff to use Harbin's facilities.

### C. The FAC Fails to Allege a Violation of 42 U.S.C. § 1981

The Opposition fails to establish how, when stripped of its conclusory allegations, the FAC alleges discrimination based upon race. Rather the Opposition, like the FAC, continues to rely upon a fallacious argument that Plaintiff's political support of Zionism is the equivalent of his race.

- 9 -

**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

The Court should reject the misleading and offensive attempt in the Opposition to equate Harbin's difficult decision to cancel Plaintiff's Hanukkah concert performance (which they initially allowed, in recognition of Jewish faith and culture) with the vandalism of a synagogue in *Shaare Tefila Congregation* v. *Cobb*, 481 U.S 615, 617 (1987).  This case held narrowly that Jews were a protected class under Title II.  This case did not hold that alleged discrimination based upon the expression of a political or social viewpoint constitutes a violation of Title II.

### D. The FAC Fails to Allege a Violation of 42 U.S.C. § 1982

The Opposition fails to rebut that section 1982 does not require Harbin to allow Plaintiff to perform before its guests in an effort to sell merchandise. The Court should reject the misleading attempt in the Opposition to equate the renewal of a retail lease by the plaintiff tenant who paid rent to the defendant commercial landlord in *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1073 (10th Cir. 2002) with Harbin's refusal on one isolated occasion to permit Plaintiff to perform before its guests.

Nothing in the Opposition suggests that Harbin's cancellation of Plaintiff's performance implicates any right to inherit, purchase, lease, sell, hold, or convey real and personal property that is the subject of § 1982.  As such, the Court should grant the Motion as to this cause of action.

### E. The FAC's Fourth Cause of Action for Violation of California Civil Code §§ 51 Fails as a Matter of Law

The Opposition fails to rebut Harbin's observation that Cal. Civ. Code §§ 51 and 52 only prohibit discrimination in public accommodations, which do not include requiring Harbin to allow Plaintiff to perform for Harbin's guests.  The Opposition does not discuss any of the cases on this point cited in the Motion, nor does it dispute that Harbin offered Plaintiff guest access.  (FAC, ¶ 23.)  Because §§ 51 and 52 do not create a protected right to perform at a business establishment, and the FAC does not allege that Harbin permits the general public to perform at Harbin, the FAC fails to state a claim.

As set forth above, the holding of *Martin, supra,* that the PGA must accommodate the disabled

golfer by permitting him to pay them money to participate in the qualifying rounds while using a golf cart, is completely inapposite here.

F.     **The First Amendment Bars All of Plaintiff's Claims**

The Court should reject the meritless contention in the FAC that Harbin cancelled Plaintiff's performance because of "who his is, not what he did." (Opp. 12:3.) Such argument is entirely inconsistent with the specific facts alleged in the FAC that Harbin first authorized Plaintiff to perform a Hanukkah concert and only cancelled his concert after it learned of political divisiveness and a threat of violence associated with Plaintiff's politically controversial social media post supporting Israel's right to use deadly military force.

The Opposition misses the mark in asserting that the FAC, when stripped of its conclusions, alleges that Harbin cancelled the performance for reasons unrelated to the content of Plaintiff's performance. As set forth above, the FAC, fairly construed, alleges that Harbin cancelled Plaintiff's scheduled performance when it learned that his politically controversial social media post would make his performance on Harbin grounds a lightning rod in a political and social debate. Under the circumstances, Harbin exercised its First Amendment to refrain from speaking or facilitating the speech of others. *Wooley* v. *Maynard*, 430 U.S. 705, 714 (1977) ("the First Amendment includes the right to refrain from speaking at all.")

Even if Plaintiff did not intend to express his political views at his performance, this performance, when combined with his controversial social media post, could be perceived by others (as the FAC alleges it indeed was) as Harbin's endorsement of Plaintiff's views on the Israeli Palestinian conflict.

Under *Hurley* v. *Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557, 573 (1995), Harbin's members and guests could reasonably view Plaintiff's performance at Harbin as a form of Harbin's own speech endorsing Plaintiff's views on the political debate. The Opposition fails to rebut

that forcing Harbin to host Plaintiff's performance would compel Harbin to engage in expressive conduct by providing a platform for Plaintiff, who had publicly expressed a controversial political viewpoint. Under the authorities cited in the Motion, Harbin is not required to engage in such involuntary expression.

The Court should reject the bizarre contention in the Opposition that Plaintiff "relies on laws unconcerned with views and ideas and instead center on civil rights." (Opp. 13:4.) Indeed, the entire gravamen of the FAC (and any new secondary theories suggested in the Opposition) is that Harbin discriminated against Plaintiff because of his "views and ideas" about the Israeli Palestinian conflict.

The Opposition completely misses the mark in its attempt to equate the rights of African American citizens to stay at a hotel, which was at issue in *Heart of Atlanta Motel v. United States*, 379 U.S. 241 (1964), with Harbin's decision to decline to allow a controversial performance, even though Plaintiff was expressly offered the opportunity to stay at Harbin.

### G. The Court Should Strike the FAC's Redundant and Immaterial Prayers for Declaratory and Injunctive Relief

#### 1. The FAC's Prayer for Declaratory Relief Is Unnecessary and Redundant

The Opposition fails to rebut that the FAC's prayer for declaratory relief is unnecessary and redundant where an adequate remedy exists under some other cause of action, and the declaratory relief is duplicative of other claims. Rather, the citation to *Capella Photonics, Inc.* v. *Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) demonstrates the appropriate instance of a prayer for declaratory relief (i.e., a patent suit where the alleged infringement was ongoing) that does not exist here.

The Opposition, similar to the FAC itself, merely concludes without any analysis, and with a citation to boilerplate language regarding the purpose of Title II, that declaratory relief "serves an independent purpose beyond the resolution of claims for damages." (Opp. 14:7.) The Opposition leaves the Court to guess as to the nature of such alleged independent purpose.

The only fair reading of the FAC is that it seeks to redress a past wrong, not to set any controversy to rest before there is any repudiation of purported obligations. *Compare, Jolley v. Chase Home Financial, LLC*, 213 Cal.App.4th 872, 909 (2013). As the request for declaratory relief does not serve to prevent future harm, or to clarify any ongoing obligation, and since the alleged violations are not ongoing, the Court should strike the prayer for declaratory relief. *See John Doe One* v. *Caremark, LLC*, 348 F.Supp.3d 724, 738 (S.D. Ohio 2018).

### 2. The FAC Does Not Allege A Threat of Future Harm Sufficient to Support a Claim for Injunctive Relief

The Opposition fails to rebut that there is no immediate threat of harm to support Plaintiff's prayer for injunctive relief. The Opposition fails to point out any language in the FAC that shows Plaintiff has any intention to request to perform at Harbin another time. Nor does it provide alleged facts to substantiate any conclusory theory that Harbin has enacted a blanket "Zionist ban." (Opp. 14:14.)

The facts alleged in the FAC do not remotely resemble the "whites only" sign on the hiring office door at issue in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 365 (1977). The Court should reject this inapposite and offensive analogy.

The Opposition fails to support is conclusion that the FAC contains specific allegations of fact sufficient to support the prayers for declaratory and injunctive relief. As such, the Court should grant the motion to strike.

## CONCLUSION

In light of the undisputed facts and legal authority cited herein, Harbin respectfully requests that this Court dismiss Plaintiff's FAC in its entirety and, in the alternative, strike the prayer for declaratory and injunctive relief.

**REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT**

Dated: July 15, 2025

                                              KATZOFF & RIGGS LLP

                                              /s/ *Stephen G. Preonas*

                                              _____
                                              Stephen G. Preonas

                                              Attorneys for Defendant
                                              HEART CONCIOUSNESS CHURCH, INC.

KATZOFF & RIGGS LLP
1500 PARK AVE., SUITE 300
EMERYVILLE, CA 94608
(510) 597-1990

**CERTIFICATION REGARDING CM/ECF SERVICE**

Case Name:  Pauker v. Heart Consciousness Church, Inc., et al.,

Case No.:  3:25-cv-02852 CJB

The undersigned certifies and declares:

I am an attorney with the firm of Katzoff & Riggs LLP.  My business address is 1500 Park Ave., Suite 300, Emeryville, CA 94608.  I am over the age of 18 years and I am not a party to this action.

I make this certification with respect to the foregoing REPLY MEMORANDUM OF DEFENDANT HEART CONSCIOUSNESS CHURCH, INC. IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE FIRST AMENDED COMPLAINT

I certify that all parties whose service is required with respect to the foregoing are represented by attorneys who are registered CM/ECF users and that service on said parties will be accomplished through the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on July 15, 2025.

/s/ *Stephen G. Preonas*
_____
Stephen G. Preonas